IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Case No. _____

_____

**DUSTIN HIGGS,**

Petitioner,

v.

**CHARLES DANIELS,**
Warden, United States
Penitentiary – Terre Haute,

Respondent.

_____

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**
_____

**CAPITAL CASE**

| | |
|---|---|
| Matthew C. Lawry | Stephen H. Sachs |
| Federal Community Defender Office | WilmerHale LLP |
|    for the Eastern District of Pennsylvania | Five Roland Mews |
| Curtis Center, Suite 545-West | Baltimore, MD 21210 |
| 601 Walnut Street | |
| Philadelphia, PA 19106 | |

Counsel for Petitioner

Dated: August 16, 2016

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ...............................................................................................1

STATUTES INVOLVED ................................................................................................................1

PROCEDURAL HISTORY..............................................................................................................2

STATEMENT OF FACTS ...............................................................................................................4

CLAIM FOR RELIEF ......................................................................................................................5

PRAYER FOR RELIEF ...................................................................................................................7

Petitioner Dustin Higgs, a death-sentenced federal prisoner in custody at the United States Penitentiary at Terre Haute, respectfully petitions this Court to issue a writ of habeas corpus and vacate his capital conviction and death sentence.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 2241.

28 U.S.C. § 2255 is inadequate and ineffective to test the legality of Petitioner's capital conviction and death sentence.

This Court must exercise jurisdiction to give effect to Petitioner's privilege of the writ of habeas corpus, as guaranteed by Article 1, Section 9, Clause 2 of the United States Constitution.

## STATUTES INVOLVED

**18 U.S.C. § 1111**

**Section 1111**, in pertinent part, provides:

Murder is the unlawful killing of a human being with malice aforethought.  Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery … is murder in the first degree.

**18 U.S.C. § 1201**

**Section 1201**, in pertinent part, provides:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, … shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

**18 U.S.C. § 924**

**Section 924(c)(1)(A)**, in pertinent part, provides:

[A] person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in

1

furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [be punished in accordance with this statute].

**Section 924(c)** defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## PROCEDURAL HISTORY

On December 21, 1998, Mr. Higgs, along with co-defendant Willis Haynes, was indicted on charges connected with the January 27, 1996, shooting deaths of Tanji Jackson, Tamika Black, and Mishann Chinn.  On October 22, 1999, the government filed a notice of its intent to seek the death penalty against Mr. Higgs.  On December 20, 1999, the grand jury returned a second superseding indictment, and the government thereafter filed an amended death notice.

The cases against Mr. Haynes and Mr. Higgs were severed for trial.  Mr. Haynes – by all accounts the person who actually killed Ms. Jackson, Ms. Black, and Ms. Chinn[1] – was tried first and sentenced to life in prison without release.  Mr. Higgs was tried next, and on October 11, 2000, was found guilty of firearms charges and three counts each of first-degree premeditated murder, first-degree murder committed during a kidnapping, and kidnapping resulting in death. Following a sentencing hearing, the jury recommended death sentences on the nine death-eligible counts.

---

[1] *See*, *e.g.*, *United States v. Haynes*, 26 F. App'x 123, 127 (4th Cir. 2001) (unpub.) (describing how "Haynes exited the vehicle and fired five shots, killing all three women").

2

The Fourth Circuit upheld the convictions and sentences on direct appeal. *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) (*Higgs-1*). While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. The district court denied the motion for new trial, and the Fourth Circuit again affirmed. *United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004) (*Higgs-2*). Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

On November 28, 2005, Mr. Higgs filed a § 2255 petition, as later amended and supplemented, in the District of Maryland. D. Md. Case No. 05-cv-3180. On April 7, 2010, the district court summarily denied the § 2255 motion. *United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010) (*Higgs-3*). On July 20, 2010, the district court denied a certificate of appealability.

Mr. Higgs then sought a COA from the Fourth Circuit on numerous issues, including that the government failed to disclose exculpatory evidence concerning the benefits key government witness Victor Gloria received -- avoiding a potential first degree murder charge on an unrelated homicide in Baltimore. The Fourth Circuit denied a COA on all but one issue: whether Mr. Higgs's rights were violated by the government's withholding of exculpatory material relating to comparative bullet lead analysis and counsel's ineffectiveness in handling the issue. The Fourth Circuit subsequently denied relief. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011) (*Higgs-4*). The United States Supreme Court denied certiorari on December 10, 2012. *Higgs v. United States*, 133 S.Ct. 787 (2012).

On December 4, 2014, Mr. Higgs filed a motion for relief pursuant to Fed. R. Civ. P. 60(d), after uncovering further evidence that Mr. Gloria received benefits for testifying that had

previously been suppressed. D. Md. Case No. 98-cr-520, Doc. 579. On June 29, 2016, the district court denied the motion for Rule 60(d) relief. *Id.*, Docs. 600, 601. Mr. Higgs's request for a certificate of appealability is pending.

On May 23 2016, Mr. Higgs filed an Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h) in the Fourth Circuit. 4th Cir. Case No. 16-8. The application argued that, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the crime of violence under 18 U.S.C. § 924(c), for which Mr. Higgs was convicted, is unconstitutionally vague, and requested permission to file a second § 2255 petition in the District Court for the District of Maryland.

On June 3 2016, the government submitted a response in opposition to the application. On June 7, 2016, Mr. Higgs filed a reply.

The Fourth Circuit denied the application by a 2-1 vote on June 27, 2016. *In re Higgs*, No. 16-8, *Order* (4th Cir. June 27, 2016). On July 25, 2016, the Fourth Circuit granted leave to Mr. Higgs's co-defendant, Willis Haynes, to file a similar successive motion for relief under 28 U.S.C. § 2255. *In re Haynes*, No. 16-9516, *Order* (4th Cir. July 25, 2016). No further review is permitted of the denial of a motion for leave to file a successive application for relief. *See* 28 U.S.C. § 2244(b)(3)(E).

## STATEMENT OF RELEVANT FACTS

On October 11, 2000, Mr. Higgs was convicted following a jury trial of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder (18 U.S.C.§ 1111), felony murder (18 U.S.C. § 1111), and kidnapping resulting in death (18 U.S.C. § 1201). *United States v. Haynes et al.*, Crim. No. PJM-98-0520.

4

On January 5, 2001, the district court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551, the Supreme Court announced a new rule of constitutional law. On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257, the Supreme Court held that *Johnson* was retroactive to cases on collateral review.

In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because, *inter alia*, its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch*, 136 S. Ct. at 1262. While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id*. (quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court struck down as constitutionally infirm the "ordinary case" analysis that required courts to envision conduct that a crime involves and to "judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557.

## CLAIM FOR RELIEF

**PETITIONER'S CRIME OF VIOLENCE CONVICTION
AND DEATH SENTENCE VIOLATE DUE PROCESS**

Mr. Higgs was convicted of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping resulting in murder.

To qualify as crimes of violence, the underlying murder convictions under § 1111 and kidnapping convictions under § 1201 must fall either under § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."

5

Mr. Higgs's § 924 convictions cannot be upheld under § 924(c)(3)(A)'s force clause because *inter alia*, the underlying offenses lack the scienter and violent force elements that § 924(c)(3)(A) requires.

After *Johnson*, Mr. Higgs's § 924(c) convictions likewise cannot be upheld under § 924(c)(3)(B) because, *inter alia*, that clause's definition of a crime of violence requires the same "ordinary case" analysis that the Supreme Court has now deemed unconstitutional.  The plain language of § 924(c)(3)(B) is similar to that of the ACCA residual clause struck down in *Johnson*, and this Court and courts nationwide have long recognized that the provisions are analogous.

Mr. Higgs's convictions on Count 5, 10 and 15, the § 924(c) charges, are void for vagueness and violate due process.

Moreover, once a court determines that certain of a defendant's convictions cannot stand, "vacating that portion of the sentence radically changes the sentencing package." *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996).  Thus, the most appropriate remedy in such cases is a complete resentencing on the remaining counts of conviction. *Id.*  In the case of capital counts, any resentencing must be done by a jury, which alone has the power to find facts that make an individual death eligible. *See Hurst v. Florida*, 136 S. Ct. 616, 619 (2016); *see also* 18 U.S.C. § 3593(b).

In this case, as described in *Smith*, the three illegal § 924(c) sentences radically change the entire sentencing package that was before the Court and the jury at Mr. Higgs's original trial. In light of the broad and equitable powers in § 2241, Mr. Higgs respectfully requests that the Court vacate his death sentence and order a complete resentencing, including resentencing by jury on the capital counts.

6

**PRAYER FOR RELIEF**

Petitioner respectfully requests that the Court:

- Permit Petitioner to file a memorandum of law in support of this petition;

- Direct the government to file an answer;

- Hold oral argument and such other proceedings as the Court deems appropriate;

- Vacate Petitioner's crime of violence convictions;

- Vacate Petitioner's sentence of death; and

- Grant such other relief as is proper.

                                                Respectfully Submitted,

                                                /s/ Matthew C. Lawry
                                                Matthew C. Lawry
                                                Federal Community Defender Office
                                                for the Eastern District of Pennsylvania
                                                Curtis Center, Suite 545-West
                                                601 Walnut Street
                                                Philadelphia, PA 19106
                                                215-928-0520
                                                Matthew_Lawry@fd.org

Dated: August 16, 2016

## Certificate of Service

I, Matthew Lawry, hereby certify that on this 16th day of August, 2016, I submitted the foregoing Petition for Writ of Habeas Corpus with service via first class mail and email to:

James A. Crowell IV
Sujit Raman
Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249

Josh Minkler
United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/ Matthew C. Lawry_____
Matthew C. Lawry