**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

|                          |     |                              |
| ------------------------ | --- | ---------------------------- |
| DUSTIN JOHN HIGGS,       | )   |                              |
|                          | )   |                              |
| Petitioner,              | )   |                              |
|                          | )   |                              |
| v.                       | )   | Case No. 2:16-cv-00321-JMS-MJD |
|                          | )   |                              |
| CHARLES DANIELS,         | )   | Capital Case                 |
| Warden,                  | )   |                              |
|                          | )   |                              |
| Respondent.              | )   |                              |

**PETITIONER'S RESPONSE TO COURT ORDER OF SEPTEMBER 1, 2016**

Petitioner, through counsel, respectfully submits this response to the Court's Order of September 1, 2016, directing Petitioner "to show that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e)." ECF No. 7. Petitioner sets forth these reasons below and further contends that, regardless of the applicability of § 2255(e), his constitutional right to the writ of habeas corpus entitles him to a merits ruling, subject to appellate review, on his petition. Petitioner therefore requests the opportunity to submit a memorandum of law in support of the merits of his claim for relief.

**I.      Background**

Mr. Higgs was convicted of a total of nine counts of homicide (three counts of premeditated murder, three counts of felony murder, and three counts of kidnapping resulting in death) and sentenced to death on each of those counts. In the same trial concerning the same homicides, he was convicted and sentenced to a total of 45 years consecutive to the death sentences for committing crimes of violence under 18 U.S.C. § 924(c), based on the use of a firearm to commit the homicides. *See* Pet. 3-4, ECF No. 3.

1

The indictment and the jury instructions did not specify whether the crime of violence fell under § 924(c)(3)(A)'s "force clause" or § 924(c)(3)(B)'s "residual clause." The jury was simply instructed that, under § 924(c), the predicate crimes of murder and kidnapping "are crimes of violence." *United States v. Higgs*, No. PJM-98-0520 (D. Md.), Tr. 10/10/2000, at 80.

On June 26, 2015, the Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* calls into serious doubt the validity of the similarly worded residual clause of § 924(c)(3)(B), as numerous federal courts have recognized. *See Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (authorizing successive § 2255 petition based on *Johnson*'s applicability to § 924(c)) (unpublished; attached as Exhibit 1); *In re Pinder*, 824 F.3d 977 (11th Cir. 2016) (same); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (same) (unpublished; attached as Exhibit 2); *United States v. Bell*, No. 15-00258, 2016 WL 344749 at *11-13 (N.D. Cal. Jan. 28, 2016) (finding *Johnson* applicable to § 924(c)); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545 at *3-6 (E.D. Cal. Feb. 2, 2016) (same); *United States v. Edmundson*, No. 13–CR–15 (PWG), 2015 WL 9311983 at *2-6 (D. Md. Dec. 23, 2015) (same); *see also United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015) (finding the identically worded clause of 18 U.S.C. § 16(b) to be unconstitutionally vague); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (same), *cert. granted*, --- S. Ct. ---, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).

In light of the likely constitutional infirmity of § 924(c)(3)(B), Mr. Higgs's § 924(c) convictions remain valid only if his murder and/or kidnapping convictions categorically meet the statutory requirements for a crime of violence under the force clause of § 924(c)(3)(A). They do not.

Kidnapping may be accomplished "by inveigl[ing]" or "decoy[ing]" the victim. 18 U.S.C. § 1201(a). In its instructions, the Court instructed the jury as follows: "Inveigling and decoying involve the *non-forcible* taking of a victim . . . ." No. PJM-98-0520 (D. Md.), Tr. 10/10/2000 at 75. However, § 924(c)(3)(A) requires the intentional use or threatened use of "physical force," which means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Because actual or threatened violent force is not required for conviction under § 1201(a), it is not categorically a crime of violence.

Moreover, murder as defined by 18 U.S.C. § 1111(a) is also not categorically a crime of violence. Neither felony murder nor premeditated murder under section 1111 always requires the intentional use of violent force. With respect to felony murder, the intent element is satisfied by proving the predicate felony or felonies. Thus, a defendant could be convicted of felony murder if the victim dies as the result of an accident during a non-violent kidnapping. Similarly, premeditated murder does not categorically require the use of violent force because a person may intentionally kill another person in ways that do not require violent physical force.

Mr. Higgs has further alleged that the invalid § 924(c) convictions likely affected his death sentences on the homicide convictions. *See* Pet. 6, ECF No. 3.

Accordingly, on May 23, 2016, Mr. Higgs applied for permission from the Fourth Circuit to file a second or successive § 2255 petition in the District Court for the District of Maryland challenging the validity of his convictions under § 924(c). On June 27, 2016, the Fourth Circuit (over a dissent by Chief Judge Traxler) denied Mr. Higgs's application. *In re Higgs*, No. 16-8, *Order* (4th Cir. June 27, 2016) (unpublished; attached as Exhibit 3).

On July 25, 2016, a different panel of the Fourth Circuit granted leave to Mr. Higgs's co-defendant, Willis Haynes, to file a similar successive motion for relief under 28 U.S.C. § 2255. *In re Haynes*, No. 16-9516, *Order* (4th Cir. July 25, 2016) (unpublished; attached as Exhibit 4). No further review is permitted of the denial of a motion for leave to file a successive application for relief. *See* 28 U.S.C. § 2244(b)(3)(E).

On August 16, 2016, Mr. Higgs filed the instant § 2241 petition raising the same claim for relief that he had raised in the Fourth Circuit. On September 1, 2016, this Court directed Petitioner to file a brief showing "that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e)." ECF No. 7.

## II.    Discussion

Mr. Higgs is a under federal sentence of death and is imprisoned in this District at the federal death row in Terre Haute. He seeks to avail himself, through a writ of habeas corpus, of the protections afforded by the Supreme Court's decision in *Johnson*.

Mr. Higgs's access to the writ is foreclosed in the District of Maryland, where he was convicted, through the operation of 28 U.S.C. § 2255(h). His attempt to litigate the instant claim for habeas relief was dismissed by the Fourth Circuit. Absent § 2255's limitations, Mr. Higgs's constitutionally assured access to the writ of habeas corpus would entitle him to petition the federal courts to enforce the reasoning of *Johnson* to his capital conviction, and to seek review from the Supreme Court of any erroneous lower court decisions denying relief. Indeed, the Fourth Circuit granted Mr. Higgs's codefendant to seek relief on exactly the same claim in the District of Maryland, but the Fourth Circuit denied Mr. Higgs that opportunity.

As applied to Mr. Higgs, § 2255 has proven inadequate and ineffective to test the legality of his § 924(c) convictions and his death sentences. This inadequacy is apparent under the

4

standards set forth by the Seventh Circuit in *Webster v. Daniels* and *Montana v. Cross*, and compels this Court to address the merits of Mr. Higgs's § 2241 petition.  Absent such merits consideration, Mr. Higgs's privilege of the writ of habeas corpus will be unconstitutionally suspended.

### A.    The Petition Is Cognizable Under *Webster v. Daniels*

The Seventh Circuit has recognized that "whether section 2255 is inadequate or ineffective depends on whether it allows the petitioner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quotation omitted).  In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Id.*  The structural problems here are threefold.

First, § 2255 has precluded Mr. Higgs from obtaining a merits ruling – i.e., "a reliable judicial determination" – on his *Johnson* claim while providing that same opportunity to other, similarly situated, federal convicts.  Second, and consequently, § 2255 has prevented Mr. Higgs from benefiting from the final resolution of conflicting and evolving questions of federal law.  Third, even assuming that such defects are tolerable in non-capital cases, § 2255 cannot be permitted to foreclose habeas review where Mr. Higgs's life may depend on it.

### 1.    Unequal access to a decision on the merits

Section 2255 is inadequate and ineffective where it fails to provide similarly situated federal convicts with equal access to merits consideration of their habeas claims.  *See Felker v. Turpin*, 518 U.S. 651, 667 (1999) (Souter, J., concurring) ("[t]he question [of the validity of § 2244(b)'s gatekeeping provisions] could arise if the courts of appeals adopted divergent interpretations of the gatekeeper standard.").  In habeas corpus proceedings, "[t]he essential point

is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). Whereas his life sentenced codefendant has received that opportunity, Mr. Higgs has not, and hence cannot obtain merits consideration of his *Johnson* claim through § 2255.

The Fourth Circuit denied Mr. Higgs's application for leave to file a successive petition under § 2255, thereby foreclosing any possibility of his obtaining a merits determination of his claim via § 2255. *See* Exhibit 3. The Fourth Circuit's denial did not adjudicate Mr. Higgs's proposed claim on the merits. *See Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997) (explaining that a movant must get through § 2244's gatekeeping requirements "before the merits can be considered.").[1]

In addition to the conflict with the Fourth Circuit's decision in *Haynes*, the Fourth Circuit and the Eleventh Circuit have authorized second or successive § 2255 *Johnson* challenges to federal kidnapping and murder convictions. *See In re Jackson*, No. 16-633 (4th Cir. June 17, 2016) (authorizing successive § 2255 petition based on *Johnson's* applicability to § 924(c) where the predicate offenses were murder, kidnapping and aggravated sexual assualt) (unpublished; attached as Exhibit 5); *In re Fulks*, No 16-9 (4th Cir. June 17, 2016) (same as to kidnapping and carjacking) (unpublished; attached as Exhibit 6); *In re Basham*, No. 16-5 (4th Cir. June 17, 2016)

---

[1] *See also In re Williams*, 759 F.3d 66, 70 (D.C. Cir. 2014) ("[O]ur inquiry is limited to whether [the petitioner] has made a *prima facie* case[.]"); *United States v. Lopez*, 577 F.3d 1053, 1066 (9th Cir. 2009) ("Section 2255(h) is a jurisdictional bar, and we may not assume our jurisdiction . . . in order to resolve the case on the merits[.]"); *Ochoa v. Sirmons*, 485 F.3d 538, 541-42 (10th Cir. 2007) ("The statutory mandate does not direct the appellate court to engage in a preliminary merits assessment. Rather it focuses [the court's] inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim."); *In re Joshua*, 224 F.3d 1281, 1282 (11th Cir. 2000) (per curiam) ("the merits of this case . . . are not relevant to whether [the petitioner] can obtain permission to bring a second or successive § 2255 motion to vacate"); *accord Menteer v. United States*, 806 F.3d 1156, 1156 (8th Cir. 2015) (recognizing that the Circuit's "preliminary determination" does not affect a district court's subsequent merits resolution); *Goldblum v. Klem*, 510 F.3d 204, 219 (3d Cir. 2007) (same).

(same) (unpublished; attached as Exhibit 7); *In re Youmans*, No. 16-633 (4th Cir. May 23, 2016) (same as to kidnapping) (unpublished; attached as Exhibit 8); *In re Robinson*, No. 16-14567 (11th Cir. July 27, 2016) (same) (unpublished; attached as Exhibit 9).

This presents an intolerable structural problem: "the harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated: such inequitable treatment hardly comports with the ideal of administration of justice with an even hand." *Teague v. Lane*, 489 U.S. 288, 315 (1989) (internal quotation marks omitted). As commentators have observed:

> The aftermath of *Johnson* and *Welch* shows that lower courts can't always be trusted to "treat similarly situated defendants alike" when deciding which prisoners can file successive § 2255 motions based on a new landmark decision. AEDPA insulates those rulings from the review and accountability that exist for nearly everything else courts do.

Leah M. Litman & Shakeer Rahman, *What Lurks Below Beckles*, 111 Nw. U. L. Rev. Online ___ (forthcoming 2016, available at http://ssrn.com/abstract=2830324, at 22). Because § 2255 has precluded Mr. Higgs from receiving a merits determination of his *Johnson* claim while granting the same opportunity to similarly situated federal prisoners, § 2255 is inadequate and ineffective as applied here.

### 2.    Unequal access to appellate resolution of questions of federal law

Section 2255 is likewise inadequate and ineffective where it fails to provide equal access to appellate resolution of evolving and conflicting questions of federal law. Two such questions are presented here: the conflicting case law regarding whether kidnapping convictions under § 1201 categorically require sufficient intentionality or violent force to qualify under the force clause of § 924(c)(3)(A), *compare United States v. Chandler*, 743 F.3d 648, 656 (9th Cir. 2014) (kidnapping "presents a risk of serious force, even where the kidnapping statute at issue has no force requirement"), *vacated in light of Johnson*, 135 S. Ct. 2926 (2015), *with, e.g., United States*

*v. Boone*, 959 F.2d 1550, 1556 (11th Cir. 1992) (kidnapping conviction requires "willingness and intent to use physical or psychological force"); and the circuit split that has developed with respect to *Johnson*'s applicability to the residual clause of § 924(c)(3)(B). *Compare In re Pinder*, 824 F.3d 977 (11th Cir. 2016) (granting permission to file a successive habeas motion alleging that *Johnson* invalidates 18 U.S.C. § 924(c)(3)(B)), *with In re Fields*, 826 F.3d 785, (5th Cir. 2016) (denying same).

Where prisoners have had their successive challenges to section 924(c) convictions authorized, *see supra*, they can avail themselves of the appellate resolution of such questions. Absent merits consideration of this § 2241, Mr. Higgs will be deprived of the same opportunity. Section 2255 is inadequate and ineffective where it facilitates "such inequitable treatment." *Teague*, 489 U.S. at 315.

### 3. An execution based on a conviction under an invalid and inapplicable federal statute would be intolerable

Even assuming that the above defects do not demonstrate § 2255's inadequacy in non-capital cases, they do so in the context of this capital case. In considering the availability of § 2241, courts should "take into account the fact that a core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence." *Webster*, 784 F.3d at 1139; *see also In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (section 2241 used to rectify conviction for "nonexistent offense"). This concern is of "paramount importance [in] avoiding the injustice of executing one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Mr. Higgs is actually innocent of his § 924(c) convictions. Section 924(c)'s force clause requires intentional, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), and "*violent* force," *Johnson (Curtis)*, 559 U.S. at 140, whereas federal kidnapping may be accomplished "by inveigling" or "decoying," 18 U.S.C. 1201(a). By the same token, felony murder under § 1111(a) does not

require the intentional use of violent force, and premeditated murder does not categorically require the use of violent force. *See Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("[W]hen a statute allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence."); *United States v. Torres-Miguel*, 701 F.3d 165, 168-69 (4th Cir. 2012) ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force."). Indeed, the Fourth Circuit in *Fuertes* explained that poison is one way of causing death or serious injury without the use or threatened use of any physical force. 701 F.3d at 168-69.

The plain language, statutory history, and case law demonstrate that Mr. Higgs's case therefore does not fall under § 924(c)'s force clause. And under *Johnson*, 135 S. Ct. 2551, § 924(c)'s residual clause is void for vagueness. Mr. Higgs is therefore innocent of his § 924 convictions. Moreover, once a court determines that certain of a defendant's convictions cannot stand, "vacating that portion of the sentence radically changes the sentencing package." *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996). Thus, the most appropriate remedy in such cases is a complete resentencing on the remaining counts of conviction. *Id.* In the case of capital counts, any resentencing must be done by a jury, which alone has the power to find facts that make an individual death eligible. *See Hurst v. Florida*, 136 S. Ct. 616, 619 (2016); *see also* 18 U.S.C. § 3593(b).

In this case, as described in *Smith*, the three illegal § 924(c) sentences radically change the entire sentencing package that was before the Court and the jury at Mr. Higgs's original trial. Under these circumstances, his death sentence should be vacated.

**B. The Petition Meets the Requirements of *Montana v. Cross***

Under *Montana v. Cross*, the Court should consider a § 2241 petition under the savings clause of § 2255(e) where (1) the issue presented "is one of statutory interpretation"; (2) the claim relies on retroactive legal rules; (3) the challenge was previously unavailable; and (4) the error is "'grave enough . . . to be deemed a miscarriage of justice. . . ,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, --- F.3d ---, 2016 WL 3910054 at \*6-\*7 (7th Cir. 2016) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Mr. Higgs's petition meets these requirements.

**1. The petition presents a question of statutory interpretation**

The merits of this petition revolve around whether the crimes of federal kidnapping and murder qualify under either § 924(c)'s force clause or its residual clause. The likely constitutional infirmity of the residual clause after *Johnson* brings to the fore the statutory question of whether intentional and "*violent* force" can be accomplished "by inveigling" or "decoying"; whether felony murder necessarily requires the intentional use of violent force; and whether premeditated murder necessarily involves violent force. *See supra*. These are questions of statutory interpretation. *See Johnson (Curtis)*, 559 U.S. 133; *Leocal*, 543 U.S. 1.

**2. Mr. Higgs's claim relies on retroactive legal rules**

Both legal rules governing the petition are subject to retroactive application. The law interpreting whether §§ 1111(a) and 1201(a) fall under the force clause of § 924(c) is "substantive" and therefore must be applied retroactively pursuant to *Teague*, 489 U.S. at 306-10, and *Bousley v. United States*, 523 U.S. 614, 619-21 (1998). *See Cross*, 2016 WL 3910054 at \*7 (a judicial determination of "the requirements for criminal liability under § 924(c), is a substantive rule"). Similarly, the law governing whether the residual clause of § 924(c) violates

10

due process is substantive and retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that "the rule announced in *Johnson* is substantive" and therefore "has retroactive effect under *Teague* in cases on collateral review.").

### 3. This claim was previously unavailable

At the time of Petitioner's trial, appeal, and initial § 2255 petition, a crime of violence under § 924(c)(3) could be substantiated under either the force clause "or" the residual clause. *See* 18 U.S.C. § 924(c)(3)(A). A challenge to only one clause was pointless where the other clause remained valid and applicable under Supreme Court precedent. Prior to *Johnson*, the validity of the residual clause was not in doubt; it and analogous provisions were repeatedly upheld by the Supreme Court. *See Sykes v. United States*, 564 U.S. 1, 131 S. Ct. 2267, 2277 (2011) (the ACCA residual clause and similar statutory provisions are "within congressional power to enact"); *James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague."). The Court reversed course in *Johnson*, and "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264. Neither the force clause's applicability to kidnapping or murder nor the residual clause's validity were at issue until *Johnson* was decided.

### 4. Miscarriage of justice

As discussed in section II.A.3, *supra*, Mr. Higgs is actually innocent of his convictions under § 924(c); a core purpose of § 2241 is "to prevent a custodian from inflicting an unconstitutional sentence," *Webster*, 784 F.3d at 1139; and "executing one who is actually innocent," *Schlup*, 513 U.S. at 326, would be the ultimate miscarriage of justice.

### C.    The Suspension Clause Requires the Court to Consider the Petition

As set forth above, § 2255 has prevented Petitioner from "obtain[ing] a reliable judicial determination of the fundamental legality of his conviction." *Webster*, 784 F.3d at 1136.  For the same reasons that § 2255 is inadequate and ineffective, § 2241 must be available to give substance to Mr. Higgs's constitutional right to petition for a writ of habeas corpus.  *See* U.S. Const. art. 1, § 9; *see also Webster*, 784 F.3d at 1139 n.7 (interpreting § 2255(e)'s savings clause so as to avoid constitutional Suspension Clause problems).

"[T]he writ of habeas corpus is itself an indispensable mechanism for monitoring the separation of powers.  The test for determining the scope of this provision must not be subject to manipulation by those whose power it is designed to restrain." *Boumediene v. Bush*, 553 U.S. 723, 765-66 (2008).  Otherwise, it would "lead[] to a regime in which Congress and the President, not this Court, say 'what the law is.'"  *Id.* (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)).  Implicit in the writ is the federal courts' duty to check the power of Congress and the Executive branch to detain and punish individuals.  Here, a federal statute – § 2255 – has foreclosed Mr. Higgs's ability to challenge the validity and applicability of another federal statute – § 924(c) – whose application helped result in his death sentence.  Absent this Court's consideration of the instant petition, this scheme will deny Mr. Higgs's right to petition for a writ of habeas corpus.

For the foregoing reasons, Petitioner requests that the Court proceed to merits consideration of the petition. Undersigned counsel respectfully requests 60 days in which to prepare and file a memorandum of law in support of the merits of Mr. Higgs's § 2241 petition.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Dated: October 27, 2016

**Certificate of Service**

I, Matthew Lawry, hereby certify that on this 27th day of October, 2016, I submitted the foregoing Response with service via to the court's electronic case filing service to:

Josh Minkler
United States Attorney
James R. Wood
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/ Matthew C. Lawry_____
Matthew C.Lawry