# EXHIBIT 1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 2, 2016
Decided February 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1193

| | |
|---|---|
| JESUS RUIZ,<br>*Applicant,*<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br>*Respondent.* | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

## ORDER

Jesus Ruiz has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Ruiz was convicted of three counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). Ruiz wants to challenge those convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Because *Johnson* announced a new substantive rule of constitutional law, it has retroactive application. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

The government concedes Ruiz's ability to make a prima facie showing that his convictions were based on the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), which is similar to the residual clause of the Armed Career Criminal Act. The

government argues, though, that § 924(c)(3)(B) differs enough from the ACCA's residual clause that it was not invalidated by *Johnson*. But that subsection is identical to 18 U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*. *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

Accordingly, we **GRANT** Ruiz's application and **AUTHORIZE** the district court to consider his claim.