# EXHIBIT 8

FILED: May 23, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-633
(1:03-cr-00544-JFM-1)

_____

In re: KARIEF YOUMANS,

                Movant.

_____

O R D E R

_____

Karief Youmans has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Youmans has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Youmans to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Case 2:16-cv-00321-JMS-MJD    Document 11-8    Filed 10/27/16    Page 3 of 30 PageID
#: 168
Appeal: 16-633    Doc: 13-1        Filed: 05/23/2016    Pg: 2 of 2            Total Pages:(2 of 29)

Entered at the direction of the panel:    Judge Duncan, Judge

Keenan, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| **THE UNITED STATES OF AMERICA** | *   | **Crim. No. JFM-03-0544** |
|                                        | *   |                          |
| v.                                     | *   | **Civil No.** |
|                                        | *   |                          |
| **KARIEF YOUMANS** | *   |                          |
|                                        | *   |                          |

### \* \* \* \* \*
### <u>MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255</u>

Petitioner, Karief Youmans, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case on Count Four pursuant to 28 U.S.C. § 2255. As explained below, Mr. Youmans' conviction under 18 U.S.C. § 924(c), must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

### INTRODUCTION

On April 23, 2004, Mr. Youmans was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Four).[1] Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was kidnaping. However, post-*Johnson*, as explained below, kidnaping categorically fails to qualify as a "crime of violence." Therefore, Mr. Youmans is innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) –

---

[1]   Mr. Youmans was also convicted of one count of carjacking, in violation of 18 U.S.C. § 2119(1) (Count One), and one count of kidnaping, in violation of 18 U.S.C. 1201(a)(1) (Count Three).

is commonly referred to as the residual clause.[2]  The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague.  Hence, a kidnaping offense cannot qualify as a "crime of violence" under the § 924(c) residual clause.  Likewise, a kidnaping offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause.  Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Youmans' § 924(c) conviction 1) violates due process, 2) results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction.

Mr. Youmans is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Youmans' petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr.

---

[2]     Under § 924(c)(3), "crime of violence" is defined as follows:

(3)     For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

Youmans respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

As grounds for this motion, Mr. Youmans states as follows:

## STATEMENT OF FACTS

### A.    Guilty Plea and Sentencing

On April 23, 2004, Mr. Youmans pleaded guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1) (Count One), one count of kidnaping, in violation of 18 U.S.C. 1201(a)(1) (Count Three), and one count of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Four). On August 25, 2004, this Court sentenced Mr. Youmans to 180 months as to Count One and 235 months as to Count Three, to concurrently with one another. The Court then sentenced Mr. Youmans to a consecutive sentence of 84 months on Count Four.

### B.    Previous 2255 Petitions

On August 22, 2005, Mr. Youmans filed his first 28 U.S.C. § 2255 motion. *See* ECF No. 14. On February 27, 2006, this Court denied Mr. Youmans' § 2255 motion. *See* ECF No. 21.

### C.    *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, 135 S. Ct. 2251, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminancy of the wide-

3

ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2257. Finding the residual clause "vague in all its applications[,]," the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63. After *Johnson,* Mr. Youmans' § 924(c) also conviction cannot be sustained for the reasons noted below.

On _____, the Fourth Circuit authorized Mr. Youmans to file this petition.

## ARGUMENT

**I.      In light of *Johnson*, Mr. Youmans' conviction cannot be sustained under 18 U.S.C. § 924(c) because kidnaping fails to qualify as a "crime of violence."**

Mr. Youmans' § 924(c) conviction for using a firearm in relation to a "crime of violence" is void because the "crime of violence" element cannot be satisfied here.   The predicate offense of kidnaping does not qualify as a "crime of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as follows:

(3)      For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A)      has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)      that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause – § 924(c)(3)(A) – is the force clause.   The other – § 924(c)(3)(B) – is the residual clause.   As discussed in the next sections, kidnaping categorically fails to qualify as a "crime of violence" under the residual clause because it is void for vagueness under *Johnson*.   In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague.   135 S. Ct. 2551, 2557 (2015).   Under

4

Case 2:16-cv-00321-JMS-MJD   Document 11-8   Filed 10/27/16   Page 8 of 30 PageID
#: 173
Appeal: 16-633   Doc: 22   Filed: 06/02/2016   Pg: 5 of 23                    Total Pages:(7 of 29)

*Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly be stricken as unconstitutional.

Likewise, kidnaping categorically fails to qualify as a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it does not have as an element the use, attempted use, or threatened use of violent physical force. Therefore, a conviction cannot be constitutionally sustained under § 924(c) for Count Four.

## A.   Section 924(c)'s residual clause is unconstitutionally vague.

A kidnaping offense cannot qualify as a "crime of violence" under § 924(c)(3)'s residual clause because the clause is void for vagueness under *Johnson*. In *Johnson*, the Supreme Court decided that the ACCA's residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague, but the decision equally applies to the parallel "crime of violence" definition in § 924(c)(3)'s residual clause. Section 924(c)(3)(B) suffers from the same two flaws that compelled the Supreme Court to declare the ACCA residual clause void for vagueness. Using § 924(c)(3)(B) to categorize a predicate conviction as a "crime of violence," therefore, violates due process.

Indeed, the Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*. The rationale of *Dimaya* and *Vivas-Ceja* equally applies to the determination of whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). Relying on the same reasoning of *Dimaya* and *Vivas-Ceja*, two district courts recently found that the § 924(c) residual clause was void for vagueness. *See United States v. Lattanaphom*, ___ F. Supp. 3d ___, 2106 WL 393545 (E.D. Cal.

5

2016); *United States v. Edmundson*, ___ F. Supp. 3d___ , 2015 WL 9311983 (D. Md. Dec. 30, 2015). This Court should do the same.

### 1.    *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."

In *Johnson*, the Supreme Court "began its analysis of the vagueness question by noting that the [ACCA] residual clause mandates the use of a two-step framework [under the categorical approach], to determine whether a crime is a violent felony." *Vivas-Ceja*, 808 F.3d at 721 (citing *Johnson,* 135 S. Ct. at 2557, 2562). "In the first step, the court must determine 'the kind of conduct that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's prior case." *Id.* (quoting *Johnson*, 135 S. Ct. at 2557). The second step is also dependent on the ordinary case. Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury." *Id.*

The Supreme Court held that these "two features of the residual clause conspire to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. To begin with, the Court held that it is impossible for a sentencing court to even get past the first step because there is too much uncertainty about what constitutes the ordinary case of a crime. *Id.* The Court concluded that the "the residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary' . . . involves." *Id.* at 2558. Specifically, the Court explained that a statistical analysis of reported cases, expert evidence, Google, and gut instinct are all equally unreliable in determining the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing en banc))).

The Court then held that the second step of the residual clause is equally flawed because there is too much " 'uncertainty about how much risk it takes' [i.e., the quantum of risk] before a court can

6

conclude that the 'ordinary case' of a crime is serious enough to be a violent felony." *Vivas-Ceja*, 808 F.3d at 722 (citing *Johnson,* 135 S. Ct. at 2558). To be clear, the Court's reasoning on the second step did not turn on the type of risk, i.e. "serious potential risk of physical injury." Rather, like the first step, it also turned on the doomed "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-word facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction." *Johnson*, 135 S. Ct. at 2558. With these words, the Court conveyed that the constitutionality of the ACCA residual clause would not have been in question if the statute had required the jury to determine the risk based on the individual facts in the case. *Id.* The Court explained that it was not doubting the constitutionality of any statute which "require[s] gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion.*" *Johnson* at 2561 (emphasis added). However, because under the ACCA residual clause, the quantum of risk had to be assessed based on the ordinary case, the clause was constitutionally doomed. The Court held that such indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary" case analysis is more than the "Due Process Clause tolerates." *Id.* at 2558.

Thus, *Johnson* not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework. In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

## 2.    *Johnson*  Means  That  §  924(c)(3)(B)  Is Unconstitutionally Vague.

The statutory phrase at issue in this case is essentially the same as the ACCA residual clause.[3]

To be sure, 18 U.S.C. § 924(e)(2)(B)(ii) and 18 U.S.C. § 924(c)(3)(B) are not identical.[4]  But the

differences have no impact on the constitutional analysis.  Although the risk at issue in the ACCA

is a risk of injury, and the risk at issue in § 924(c) is a risk that force will be used, this difference is

---

[3]      Courts regularly compare the similarities between the residual clause in the ACCA to the clause at issue here.  Although the comparison tends to specifically address 18 U.S.C. § 16(b), that statute is identical to § 924(c)(3)(B).  *See, e.g., Chambers v. United States*, 555 U.S. at 133, n.2 (2009) (citing circuit splits on § 16(b) in the context of a residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring). *See also United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same);*United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA otherwise clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)").

[4]      In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

8

immaterial to the due process problem and has no impact on the *Johnson* decision.[5] The Court's holding did not turn on the type of risk, but rather how a court assesses and quantifies the risk.[6]

The two-step process is the same under both the ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony,[7] and then decide if it qualifies as a crime of violence by assessing the quantum of risk posed by the "ordinary case." The Fourth Circuit held exactly as such in *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014) in construing § 16(b):

---

[5]     *See Vivas-Ceja*, 808 F.3d at 722 ("§ 16(b) substitutes 'substantial risk' for the residual clause's 'serious potential risk.' Any difference between the two phrases is superficial. Just like the residual clause, § 16(b) offers courts no guidance to determine when the risk involved in the ordinary case of a crime qualifies as 'substantial.'"); *Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other). *See also United States v. Gomez-Leon,* 545 F.3d 777 (9th Cir. 2008); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997); *United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (describing the differences between the statutes as "immaterial" and holding that U.S.S.G. § 4b1.2, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[6]     Of course, many federal and state criminal laws include "risk" standards that employ adjectives similar to those in the ACCA and § 924(c), such as "substantial," "grave," and "unreasonable." And the Supreme Court in *Johnson* said it did not mean to call most of these into question. But, as Justice Scalia's majority opinion observed, that is because the vast majority of such statutes require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion; in other words, applying such a standard to "real-world conduct." By contrast, the ACCA's residual clause, and § 924(c)(3) too, require it to be applied to "an idealized ordinary case of the crime," an "abstract inquiry" that "offers significantly less predictability." *Johnson*, 135 S. Ct. at 2558.

[7]     Both the ACCA and § 924(c)(3)(B) require courts to discern what the ordinary case of a crime is by using the categorical approach. *See, e.g., United States v. Fuertes,* 805 F.3d 485, 498 (4th Cir. 2015); *United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Serafin*, 562 F.3d 1104, 1108 (10th Cir. 2009); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Courts may not consider the factual means of committing any given offense, but must consider the nature of the offense in the "ordinary case," regardless of whether the ACCA, § 924(c)(3)(B), or § 16(b) is at issue.

> [E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James*, 550 U.S. at 208, 127 S. Ct. 1586. As long as an offense is of a type that, by its nature, presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*Id.*

*Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.[8] Even more, consistent with *Avila*, in *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015), the Fourth Circuit directly applied the "ordinary case" inquiry to the § 924(c) residual clause. 805 F.3d at 500 n.6. *See also United States v. Naughton*, 621 Fed. Appx. 170, 178 (4th Cir. Sept. 2, 2015) (applying the ordinary case inquiry to § 924(c)(3)(B)). Thus, as Judge Grimm explained in *Edmundson*, the "§ 924(c) residual clause suffers from exactly the same double indeterminancy as the ACCA residual clause." *Edmundson*, 2015 WL 9311983, at *4. Moreover, the Seventh and Ninth Circuits recognized the same in invalidating § 16(b), the identical twin to § 924(c)(3)(B), as void for vagueness under *Johnson*. *See Vivas-Ceja*, 808 F.3d at 723; *Dimaya*, 803 F.3d at 1117.

It is also noteworthy that in litigating *Johnson*, the Government, through the Solicitor General, agreed that the phrases at issue in *Johnson* and here pose the same problem. Upon recognizing that the definitions of a "crime of violence" in both § 924(c)(3)(B) and § 16(b) are identical, the Solicitor General stated:

---

[8]    Other courts likewise require the ordinary case analysis when the statutory language of § 16(b) (and thus § 924(c)(3)(B)) is at issue. *See, e.g., Keelan*, 786 F.3d at 871 ( adopting "ordinary case" analysis for § 16(b)); *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012) (citing *James* as the source of the "ordinary case" analysis required by § 16(b)); *Van Don Nguyen v. Holder*, 571 F.3d 524, 530 (6th Cir. 2009) (considering § 16(b) and concluding that "[t]he proper inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream of prosecutions brought under the statute."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213 (10th Cir. 2007) (same).

Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23) (March 30, 2015). The Solicitor General was right. Section 924(c)(3)(B) and the ACCA are essentially the same and contain the same flaws. This Court should hold the Government to that concession.

Section 924(c)(3)(B), like the ACCA residual clause, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *Fuertes*, 805 F.3d at 500 n.6; *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213. Since these are the identical analytical steps that brought down the ACCA residual clause, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. As a consequence, the residual clause cannot be used to support a conviction under § 924(c).

**B.    Kidnaping categorically fails to qualify as a "crime of violence" under the force clause.**

**1.    The categorical approach applies in determining whether an offense qualifies as a "crime of violence" under the "force" clause.**

In determining whether an offense qualifies as a "crime of violence" under the "force" clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013).[9] This approach

_____

[9]    Although *Descamps* involved the categorical approach as applied to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the "force" clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. 18 U.S.C. § 924(c)(3)(A). And "physical force" means *violent* force – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).[10]

As further detailed below, under these terms, Mr. Youmans' offense of kidnaping categorically fails to qualify as a § 924(c) "crime of violence under the force clause:

---

[10]     Courts of Appeals have consistently held that 18 U.S.C. § 16(a) (which is almost the same as § 924(c)(3)(A)) contemplates "destructive," "violent force" – not *de minimis* force. *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001); *see also Flores-Lopez v. Holder*, 685 F.3d 857, 864 (9th Cir. 201) (requiring "use of violent, physical force"); *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001) ("[T]erm 'physical force' in 18 U.S.C. § 16(b) refers to actual violent force."). Indeed, the Supreme Court in *Johnson* cited lower court opinions defining "physical force" under § 16 when defining "physical force" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). 559 U.S. at 140 (citing *Flores*, 350 F.3d at 672).

Case 2:16-cv-00321-JMS-MJD   Document 11-8   Filed 10/27/16   Page 16 of 30 PageID
#: 181
Appeal: 16-633   Doc: 242   Filed: 08/22/2016   Pg: 13 of 23   Total Pages:(15 of 29)

> **2.** **Kidnaping fails to qualify as a "crime of violence" under the "force" clause because it does not have as an element the use, attempted use, or threatened use of physical force.**

Under the categorical approach, federal kidnaping does not qualify as a crime of violence, because the offense can be committed through non-forceful means. As the Fourth Circuit has explained, "[a]fter *Descamps*, when a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence." *Fuertes*, 805 F.3d at 498. For federal kidnaping to qualify as a crime of violence under the force clause, the offense must categorically have as an element the use, attempted use, or threatened use of "physical force." "Physical force" means "*violent* force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

Federal kidnaping does not categorically require violent force. Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." 18 U.S.C. § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Because a violation of § 1201 can be committed by means of fraud or deception instead of by force, it does not categorically include the "physical force" necessary to qualify kidnaping as a "crime of violence" under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498-99 (concluding that sex trafficking by force, fraud or coercion does not categorically involve physical force); *Montes-Flores*,

13

736 F.3d at 368 (holding that South Carolina offense of assault and battery of a high and aggravating nature does not have physical force as an element); *cf. United States v. Aparicio-Soria*, 740 F.3d 152, 157-58 (4th Cir. 2014) (en banc) (reasoning that, because the Maryland offense of resisting arrest has a single and indivisible set of elements that may be committed by either violent or nonviolent means, it does not qualify categorically as a crime of violence under U.S.S.G. § 2L1.2, the reentry Guideline); *Royal*, 731 F.3d at 341-42 (reasoning that, because the Maryland offense of second-degree assault has an indivisible set of elements that may be committed by either violent or nonviolent means, it does not qualify categorically as a "violent felony" under 18 § 924(e)(1)); *accord Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012) (noting that "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450-52 (5th Cir. 2008) (determining that California kidnapping statute did not include physical force as an element because the crime could be accomplished through non-physical means).

Likewise, the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint." More notably, the victim need not even be aware of such restraint: "[i]f the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." *Id.* As such, a kidnapper who lures a child

14

Case 2:16-cv-00321-JMS-MJD   Document 11-8   Filed 10/27/16   Page 18 of 30 PageID
#: 183
Appeal: 16-633   Doc: 242   Filed: 06/28/2016   Pg: 15 of 23   Total Pages:(17 of 29)

across state lines may "seize" and "hold" the child by means of enticement (for example, through toys, games, or other amusement) without any use of physical force, as long as such actions were against the will of the parents or legal guardian. Indeed, a common kidnaping scenario—the kidnaping of a newborn from a hospital—need not involve any "violent" force, because such force would be unnecessary to restrain an infant.

Because kidnaping under § 1201 may be accomplished without the use of any physical force, federal kidnaping under § 1201(a) does not categorically include "physical force" as an element of the crime. 18 U.S.C. § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498-99 (concluding that sex trafficking by force, fraud or coercion did not categorically involve physical force). As a result, federal kidnaping does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

**II.     Mr. Youmans is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claim under *Johnson* is cognizable, 2) it satisfies the successive petition requirements of § 2255(h)(2), and 3) it is timely.**

**A.     Mr. Youmans' claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. 28 U.S.C. § 2255(a). Mr. Youmans is entitled to relief on all these grounds.

First, based on all the reasons noted above, Mr. Youmans' § 924(c) conviction violates due process because it was dependent upon an unconstitutionally vague residual clause.

Second, because post-*Johnson* kidnaping categorically fails to satisfy the "crime of violence" element under § 924(c) , the indictment failed to state an offense under § 924(c), and Mr. Youmans has now been convicted of an offense that is no longer criminal. This means his conviction violates

15

the United States laws and results in a miscarriage of justice. The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

Third, Mr. Youmans' conviction has been entered in excess of this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, but it affirmatively alleged conduct that is outside of the sweep of § 924(c). Specifically, Count Four of the indictment alleged the use of a firearm during and relation to kidnaping, but as discussed above, under the categorical approach, kidnaping can never qualify as a § 924(c) "crime of violence." In turn, a § 924(c) conviction can *never* be sustained based on the underlying offense of kidnaping, no matter what the facts are. Simply put, Count Four altogether fails to state a § 924(c) offense. Thus, Mr. Youmans' conviction is a legal nullity that was entered in excess of this Court's jurisdiction and must be vacated. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute."); *United States v. Barboa*, 777 F.3d 1420, 1423 n. 3 (10th Cir. 1985) ("If Barboa pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the States to bring the defendant into court to answer the charge brought against him.") (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

16

**B.    Mr. Youmans' successive petition satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.**

Mr. Youmans files this successive motion pursuant to 28 U.S.C. § 2255(h)(2) after receiving authorization from the Fourth Circuit. That section requires that, before this Court can consider a successive motion, the appropriate court of appeals must certify as provided in 28 U.S.C. § 2244(b)(3)(C) that a successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Pursuant to § 2244(b)(3)(C), the Fourth Circuit authorized this motion upon concluding that Mr. Youmans has made a prima facie showing that he may be entitled to relief. But Mr. Youmans now demonstrates that beyond a prima facie showing, he, in fact, fully satisfies the requirements of § 2255(h)(2) for all the reasons listed below.

**1.    *Johnson* announced a previously unavailable new rule of constitutional law.**

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Johnson* is new because it expressly overruled *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"); "Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted). *Price v. United States*, 795 F.3d 731, 732

Case 2:16-cv-00321-JMS-MJD    Document 11-8    Filed 10/27/16    Page 21 of 30 PageID
Appeal: 16-633    Doc: 242    Filed: 06/22/2016    Pg: 20 of 23    Total Pages:(20 of 29)
#: 186

(7th Cir. 2015) ("*Johnson,* we conclude, announced a *new* substantive rule.") (emphasis added); *In re Watkins*, 795 F.3d 375, 380 (6th Cir. 2015) (same).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also In re Watkins*, 810 F.3d at 380; *Price*, 795 F.3d at 732-33. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563.

Finally, the result in *Johnson* was not previously available to Mr. Youmans. In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. 2267, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague. Until *Johnson* was decided, any successive collateral attack was foreclosed.

### 2.    *Johnson* is retroactive.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Johnson* satisfies both requirements. The rule announced in *Johnson* is "new" for reasons already stated, and it is "substantive" for the reasons discussed below.

Under Supreme Court precedent, a decision is considered "substantive" if it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52 (citing *Bousley v. United States*, 523 U.S. 614, 620-21 (1998)). A decision is also "substantive" if it "prohibit[s] a

18

certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (citation and brackets omitted); *see also Montgomery v. Louisiana*, __ S. Ct.__, 2016 WL 280758, at *5 (Jan. 25, 2016) (same).  "Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose on him.'" *Schriro*, 542 U.S. at 352 (quoting *Bousley,* 523 U.S. 614, 620 (1998)). Applying these standards, *Johnson* is substantive because not only does it narrow the scope of the residual clause by interpreting its terms – specifically, the term "crime of violence" – it excises it altogether and prohibits recidivist punishment for a class of defendants because of their status.

The federal courts have consistently held that the Supreme Court's prior decisions narrowing the scope of the ACCA – *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) – are substantive decisions that apply retroactively to cases on collateral review.[11]  That conclusion applies with even more force to *Johnson* because it both narrowed the ACCA's reach by voiding the residual clause and expressly declared that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557.

Indeed, the Seventh Circuit has already held that *Johnson* is retroactive. *Price*, 795 F.3d at 734. The Court explained that *Johnson* announced a "substantive" rule, because "[i]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of

---

[11]     *See, e.g., Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277-78 (11th Cir. 2013) (*Begay*); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) (*Begay* and *Chambers*); *Jones v. United States.* 689 F.3d 621, 625 (6th Cir. 2012) (*Begay*); *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (*Begay*); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (*Begay*); *United States v. Shipp*, 589 F.3d 1084, 1090 (10th Cir. 2009) (*Chambers*).

19

punishment for a class of defendants because of their status.'" *Id.* (citation omitted). The Sixth Circuit recently held the same in *In re Watkins*, 810 F.3d at 383 ("Because *Johnson* prohibits the imposition of an increased sentence on those defendants whose *status* as armed career criminals is dependent on offenses that fall within the residual clause" it is retroactive).

Likewise, the Eleventh Circuit has also held that *Johnson* is retroactive. *In re Rivero*, 797 F.3d 986, 991 (11th Cir. Aug. 12, 2015). Specifically, the Court explained that *Johnson* announced a "substantive" rule because it "narrow[ed] the scope of [section] 924(e) by interpreting its terms, specifically, the term violent felony," and "narrowed the class of people who are eligible for an increased sentence under the Armed Career Criminal Act." *Id.* at 991 (internal quotation marks and citations omitted).[12] *See also Woods v. United States*, 805 F.3d 1152, 1153-54 (8th Cir. 2015) (per curiam) (holding that based on the government's concession that *Johnson* applies retroactively, the petitioner made a prima facie showing that his motion satisfied § 2255(h)(2)); *Pakala v. United States*, 804 F.3d 139, 139-40 (1st Cir. 2015) (per curiam) (holding that the petitioner made the prima facie showing required under § 2255(h)(2) based on the government's "conce[ssion] that *Johnson* announced a new rule of constitutional law that was previously unavailable . . . [and] made retroactive by the Supreme Court") (footnote omitted).

Not only does *Johnson* narrow the scope of the ACCA residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c) and "necessarily carr[ies] a signficant risk that a defendant stands convicted of an act that the law does not make criminal." *Summerlin*, 542 U.S. at

---

[12]   Only one court of appeals has held that *Johnson* is not substantive. *See In re Williams*, 806 F.3d 322, 326 (5th Cir. 2015). However, the Supreme Court recently granted certiorari to address whether *Johnson* is retroactive to cases on collateral review. *Welch v. United States*, __ S. Ct. __, 2016 WL 90594, at *1 (2016).

Case 2:16-cv-00321-JMS-MJD    Document 11-8    Filed 10/27/16    Page 24 of 30 PageID
#: 189
Appeal: 16-633    Doc: 1342    Filed: 08/02/2016    Pg: 22 of 23    Total Pages:(23 of 29)

352. Section 924(c) criminalizes carrying a firearm during a "crime of violence." *Johnson* establishes that certain convictions cannot be considered "crimes of violence" consistent with due process, and thus alters what conduct § 924(c) makes criminal. A defendant stands convicted of an act that the law does not make criminal, where, as here, the defendant has been convicted under § 924(c) for using a firearm in connection with some crime that, under *Johnson*, cannot constitutionally be considered a "crime of violence." *See Bousley*, 523 U.S. at 620 (decision narrowing the elements of 18 U.S.C. § 924(c) is substantive, and thus retroactive, because it "hold[s] that a substantive federal criminal statute does not reach certain conduct, [and] plac[es] conduct beyond the power of the criminal law-making authority to proscribe[.]") (internal quotations and citations omitted).

Therefore, *Johnson* is substantive, and in turn, retroactive.

### 3.    The Supreme Court has "made" *Johnson* retroactive to cases on collateral review.

Finally, the Supreme Court has "made" *Johnson* retroactive to cases on collateral review. The Supreme Court can "make" a rule retroactive for purposes of 28 U.S.C. § 2255(h)(2) "with the right combination of holdings" in multiple cases. *Tyler v. Cain*, 533 U.S. 656, 666 (2001). As Justice O'Connor explained in her controlling opinion in *Tyler*, the Supreme Court can "make" a rule retroactive "through multiple holdings that logically dictate the retroactivity of the new rule." *Id.* at 668 (O'Connor, J., concurring). It is "relatively easy to demonstrate the required logical relationship with respect" to substantive rules. *Id.* at 669. When the Supreme Court holds that substantive rules are retroactive in Case One, and announces a substantive rule in Case Two, "it necessarily follows that [the Supreme] Court has 'made' that new rule retroactive to cases on

21

collateral review." *Id.*; *see also id.* at 672-73 ("If Case One holds that all men are mortal and Case

Two holds that Socrates is a man, we do not need Case Three to hold that Socrates is mortal.")

(Breyer, J., dissenting, joined by Stevens, Souter & Ginsburg, JJ.).

The Supreme Court has held in several cases that "substantive" rules are retroactive, *see*

*Bousley*, 523 U.S. at 620; *Summerlin*, 542 U.S. at 351; *Teague*, 489 U.S. at 316, and *Johnson*

announced a new substantive rule. The Supreme Court has thus "made" *Johnson* retroactive

"through multiple holdings that logically dictate the retroactivity of the new rule," *Tyler,* 533 U.S.

at 668 (O'Connor, J., concurring). *See Price*, 795 F.3d at 734 ("[I]n deciding that the residual clause

is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a

class of defendants because of their status,'" and thus "the Court itself has made *Johnson*

categorically retroactive to cases on collateral review."); *In re Watkins*, 810 F.3d at 383 ("Because

*Johnson* prohibits the imposition of an increased sentence on those defendants whose status as armed

career criminals is dependent on offenses that fall within the residual clause, . . . the [Supreme] Court

itself has made *Johnson* categorically retroactive to cases on collateral review").

### C.    This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations

period to run from "the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review."

22

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Youmans filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Mr. Youmans respectfully asks this Court to vacate his § 924(c) conviction. A proposed Order is attached.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

23

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, STE. 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA                                                    PARESH S. PATEL
FEDERAL PUBLIC DEFENDER                                       APPELLATE ATTORNEY


May 9, 2016


Patricia Connor, Clerk of Court
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
United States Courthouse Annex
Richmond, Virginia 23219


         Re:    *In re Karief Youmans,* Appellate No. _____


Dear Ms. Connor:

         Please let this letter serve as a motion to supplement the movant's application for leave to file a successive motion under 28 U.S.C. § 2255 with the following supplemental authority. Specifically petitioner writes this letter to call this Court's attention to *Welch v. United States,* __U.S.__, 2016 WL 1551144 (April 18, 2016), in which the Supreme Court held that *Johnson* is retroactive on collateral review.

         In *Welch,* the Supreme Court clarified that "[a] rule is substantive rather than procedural if it alters the range of conduct or class of persons that the law punishes." 2016 WL 1551144, at *7(quoting *Schriro,* 542 U.S. at 353). "Procedural rules, by contrast, 'regulate only the *manner of determining* a defendant's culpability.'" *Welch,* 2016 WL 1551144, at *7 (citation omitted).

         Under this framework, the Court in *Welch* held that the rule announced in *Johnson* is substantive. *Id.* The Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (citation omitted). The Court elaborated that "[t]he residual clause is invalid under *Johnson,* so it can no longer mandate or authorize any sentence." *Id.* "*Johnson* establishes, in other words, that even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause." *Id.* (citation omitted).

"By the same logic, *Johnson* is not a procedural decision because it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Welch*, 2016 WL 1551144, at *8. *Johnson*, for example, did not "allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision[.]" *Id.* (citation omitted). Rather, unlike those "judicial procedures by which the statute is applied," *Johnson* "affected the reach of the underlying statute." *Id.* "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

The movant includes this discussion of *Welch* in this supplement rather than in the body of his application for leave to file a successive § 2255 petition because his application along with the applications of 86 other movants were prepared by undersigned counsel in anticipation of *Welch*, but before the Supreme Court issued its decision. Undersigned counsel still has to prepare pleadings for hundreds of other clients eligible for retroactive *Johnson* relief within the next month. Due to this time constraint and to assure that undersigned counsel gets to these cases, he files this supplement rather than revamping 86 pleadings.

Sincerely,

_____/s/_____
Paresh S. Patel
Appellate Attorney

2

**OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, STE. 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

PARESH S. PATEL
APPELLATE ATTORNEY

May 9, 2016

Patricia Connor, Clerk of Court
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
United States Courthouse Annex
Richmond, Virginia 23219

Re:   *In re Karief Youmans*, Appellate No. _____

Dear Ms. Connor:

Please let this letter serve as a motion to supplement the movant's application for leave to file a successive motion under 28 U.S.C. § 2255 with the following supplemental authority. Specifically, petitioner writes this letter to call this Court's attention to *In re Thomas Encinias*, ___ F.3d___, No. 16-8038 (10th Cir. April 29, 2016). In *Encinias*, the Tenth Circuit recently authorized a successive petition under 28 U.S.C. § 2255 challenging a career offender guidelines sentence (U.S.S.G. § 4B1.1) based on *Johnson v. United States*, ___ U.S.___, 135 S. Ct. 2551 (2015). The Court reasoned that "given the similarity of the clauses [ACCA and career offender residual clauses] and the commonality of the constitutional concerns involved, we consider it appropriate to conclude, as a prima facie matter, that Encinias' challenge to his career offender sentence is sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)." *In re Thomas Encinias*, No. 16-8038, slip. op. at 5. The Sixth Circuit also recently concluded the same in another sentencing guidelines case. *See In re Roger Clay Swain*, No.15-2040, slip op. at 3 (6th Cir. Feb. 22, 2016) ("[A]lthough *Johnson* addressed only the residual clause of the ACCA, this court has applied its holding to the residual clause of § 4B1.2(a)(2) . . . . Therefore, *Johnson* is applicable to Swain's case. A claim based on *Johnson* may warrant the filing of a second or successive § 2255 motion because that case announced a new, previously unavailable, and retroactively applicable rule of constitutional law.").

Counsel also calls this Court's attention to *In re Seifullah Chapman,* No. 16-246 (4th Cir. May 3, 2016). In *Chapman,* this Court authorized a successive § 2255 petition making a *Johnson* challenge to the validity of a conviction based on the residual clause under 18 U.S.C. § 924(c)(3)(B) – a clause that is materially indistinguishable from the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). The Court did so upon concluding that "Chapman has made a prima facie showing that a new rule of constitutional law announced in *Johnson v. United States,* 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by *Welch v. United States,* __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016) may apply to his case." *Chapman,* No. 16-246, slip. op. at 1.

Sincerely,


_____/s/_____

Paresh S. Patel
Appellate Attorney

2