# EXHIBIT 9

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

No. 16-14567-J

---

IN RE: NEAUTHOR ROBINSON,

Petitioner.

---

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

---

Before ED CARNES, Chief Judge, WILSON, and WILLIAM PRYOR, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Neauthor Robinson has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Robinson indicates that he wishes to raise one claim in a second or successive § 2255 motion.  He asserts that his conviction under 18 U.S.C. § 924(c) violated his due process rights, as the language of § 924(c) is similar to that of the residual clause of the Armed Career Criminal Act ("ACCA"), which was declared unconstitutionally vague.  He argues that his companion crime of kidnapping is not categorically a crime of violence, as it is not an enumerated offense and does not always involve the use of force as an element.  He contends that his claim is based on a new rule of constitutional law as announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year, that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

2

Distinct from the provision in 18 U.S.C. § 924(e), § 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ___, ___, 135 S. Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ___, 135 S. Ct. at 2563. In *Welch*, the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch*, 578 U.S. at ___, ___, 136 S. Ct. at 1264-65, 1268.

We have not yet decided whether *Johnson* applies to § 924(c)(3)(B). *See In re Pinder*, 16-12084, manuscript op. at 2 (11th Cir. June 1, 2016). In *Pinder*, we recently noted that the language in § 924(c) and § 924(e) is very similar, that both are penal statutes requiring higher sentences once a court decides that an offense is a "crime of violence," and that both require a court to determine the question of whether an offense is a "crime of violence" categorically—by

3

reference to the elements of the offense rather than the actual facts of the defendant's conduct. *Id.* at 2-3. Further, in *Pinder*, we noted that we have not decided whether Hobbs Act robbery categorically qualifies as a § 924(c) crime of violence after *Johnson*. *Id.* at 4 n.1. We granted Pinder's application upon concluding that he had made a *prima facie* showing that his motion contained a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review. *Id.* at 4. We further noted that "[w]hether that new rule of constitutional law invalidates Pinder's sentence must be decided in the first instance by the District Court." *Id.* at 4-5.

After *Pinder*, we concluded that armed bank robbery under 18 U.S.C. § 2113(a) and (d) would qualify as a predicate felony for purposes of § 924(c), even if *Johnson* extends to the residual clause in § 924(c)(3)(B). *In re Hines*, No. 16-12454, manuscript op. at 6-7 & n.5 (11th Cir. June 8, 2016). Noting that Hines's indictment charged him with taking money "by force, violence and intimidation," we reasoned that armed bank robbery clearly qualifies as a "crime of violence" under the use-of-force clause of § 924(c)(3)(A). *Id.* at 6.

Here, Robinson's § 924(c) conviction was linked to a companion conviction for interstate kidnapping, in violation of 18 U.S.C. § 1201(a)(1). He was sentenced to 168 months' imprisonment for his kidnapping offense and a consecutive term of 84 months' imprisonment for his § 924(c) offense. Section 1201(a)(1) provides that a defendant is guilty of interstate kidnapping if he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person," and he willfully transports the person through interstate or foreign commerce. 18 U.S.C. § 1201(a)(1). As in *Pinder*, where we held that we had not yet decided whether conspiracy to commit Hobbs Act robbery categorically

4

qualified as a crime of violence, we also have not decided whether federal kidnapping categorically qualifies as a crime of violence for § 924(c) purposes. *See Pinder*, No. 16-12084, manuscript op. at 4 and n.1.

Further, while we held in *Hines* that armed bank robbery is categorically a crime of violence, we based that conclusion on the clear use-of-force language of the armed-bank-robbery statute. *See Hines*, No. 16-12454, manuscript op. at 6-7 (quoting Hines's indictment, which charged him with taking money "by force, violence, and intimidation" in violation of 18 U.S.C. § 2113(a) and (d)). Such language, however, is absent from the federal kidnapping statute. *See* U.S.C. § 1201(a)(1). Moreover, the elements of the federal kidnapping statute do not require the use of force. *See United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997) (explaining that the elements of kidnapping under § 1201 are "(1) the transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom, reward, or otherwise, (4) with such acts being done knowingly and willfully"). Therefore, Robinson has made a *prima facie* showing that his motion contains a new rule of constitutional law, and his application is due to be granted to allow the district court to decide whether Robinson's conviction under § 924(c) involved a crime of violence that qualifies under § 924(c) after *Johnson*.

Finally, it is important to note that our threshold determination that an applicant has made a *prima facie* showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that issue. *See Jordan*, 485 F.3d at 1357 (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan*, we emphasized that, once the prisoner files his authorized § 2255 motion in the district court, "the district court not only

5

can, but must, determine for itself whether those requirements are met." *Id.*   Notably, the statutory language of § 2244, which is cross referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)).   We rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357.   We explained that, after the district court looks at the § 2255(h) requirements *de novo*, "[o]ur first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that our threshold conclusion in granting a successive application that a *prima facie* showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion).

Accordingly, because Robinson has made a *prima facie* showing that his proposed claim meets the statutory criteria, his application is hereby GRANTED.

6

Case: 16-14567    Date Filed: 07/22/2016    Page: 1 of 1

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 22, 2016

Debra P. Hackett
U.S. District Court
PO BOX 711
MONTGOMERY, AL 36101-0711

Appeal Number:  16-14567-J
Case Style:  In re: Neauthor Robinson
District Court Docket No:  1:02-cr-00110-MHT-1

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C. Burney-Smith, J
Phone #: (404) 335-6183

Enclosure(s)

DIS-4 Multi-purpose dismissal letter