UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00321-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Staying Case

One of the central legal questions in this case is whether the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutional. The Supreme Court recently granted certiorari on this exact question in *United States v. Davis*, No. 18-431. Because the Supreme Court granted certiorari in *Davis*, the Seventh Circuit stayed a consolidated appeal raising this question. *See United States v. Jenkins*, No. 14-2898 (7th Cir. Jan. 18, 2019).

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This includes the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013). As the Seventh Circuit did in *Jenkins*, the Court concludes that staying this case pending a decision in *Davis* is the most efficient course.

Accordingly, this action is **stayed** pending the Supreme Court's decision in *United States v. Davis*, No. 18-431. Petitioner shall have **fourteen days** from the date the Supreme Court issues a decision in *Davis* to file a notice with the Court. The **clerk is directed** to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution.

**IT IS SO ORDERED.**

Date: 3/21/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov