UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DUSTIN JOHN HIGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 2:16-cv-00321-JMS-MJD |
| | ) |
| CHARLES DANIELS, Warden, | ) |
| | ) |
| Respondent. | ) |

**SUPPLEMENTAL RETURN TO ORDER TO SHOW CAUSE**

The Respondent, by counsel, responds to with the Court's order issued on June 26, 2019.  (Dkt. 31.)

The Supreme Court's decision in *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (June 24, 2019), has no impact on this issues raised in this cause of action.  As presented in the Respondent's initial return, Higgs's arguments are procedurally barred.  His claims are constitutional in nature, and, as such, are expressly contemplated under 28 U.S.C. § 2255(h)(2).  He therefore cannot jam his claim into 28 U.S.C. § 2241.

Even so, Higgs cannot show a miscarriage of justice.  His murder convictions remain crimes of violence under the force clause of 18 U.S.C. § 924(c)(3)(A), and his three firearm convictions remain valid.  This is another reason § 2241 is an inappropriate mechanism for Higgs.

For the reasons stated in the Respondent's initial response, and for the

reasons stated herein, this Court should dismiss Higgs's petition for a writ of habeas corpus.

## BACKGROUND[1]

Petitioner Dustin John Higgs is an inmate currently housed at the United States Penitentiary, located in Terre Haute, Indiana. Higgs was convicted by a jury in the District of Maryland of: three counts of first-degree premeditated murder, in violation of 18 U.S.C. § 1111(a); three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, *see id.*; and three counts of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(2). All of these crimes were punishable by life imprisonment or death. *United States v. Higgs*, 353 F.3d 281, 289 (4th Cir. 2003). Higgs was also convicted of three counts of using a firearm "during and in relation to [a] crime of violence," in violation of 18 U.S.C.A. § 924(c).

Ultimately, Higgs received nine death sentences under the Federal Death Penalty Act of 1994, *see* 18 U.S.C.A. § 3591-3598 (the "FDPA" or "Act"). He also received an aggregated consecutive 45-year sentence for the firearm convictions. *See* 18 U.S.C. § 924(c)(1); *United States v. Higgs*, 353 F.3d 281,

---

[1] Throughout this response the United States will make the following references: Dkt. = the docket in this § 2241 case; Crim. Dkt. = the docket in Higgs's criminal case in the District of Maryland (8:98-cr-00520-PJM-2).

333 (4th Cir. 2003). Higgs's convictions and sentence were affirmed on appeal. *Id.* at 334.

Higgs does not challenge his multiple convictions for first-degree premeditated murder and kidnapping. Nor does he challenge his numerous death sentences, each of which has been upheld after numerous challenges stretching over a dozen years.

Instead, Higgs challenges only his firearms convictions (and, by extension, the associated sentences) under § 924(c). Those convictions, in turn, were predicated upon Higgs's three convictions for using a firearm in the commission of a crime of violence—that is either the murder or kidnapping of his three victims. *See* Government's Opposition to Defendant's Application to File Successive § 2255 Motion at 2, *United States v. Higgs*, No. 16-0008 (4th Cir. Jun. 3, 2016).

Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Higgs argues that his underlying convictions for first-degree murder and kidnapping fail to categorically qualify as "crimes of violence" for purposes of § 924(c). And, indeed *Davis* found that the residual clause of § 924(c)(3)(B) is void for vagueness. *Davis*, 139 S. Ct. at 2336. However, as argued by the Respondent in his initial response, Higgs is procedurally barred from bring his claims in a § 2241 petition. Because 28 U.S.C. § 2255 was and is adequate to test the legality of Higgs's conviction, this Court lacks

3

jurisdiction to grant the habeas relief he seeks.

And, as also argued in the Respondent's initial response, Higgs's multiple convictions for kidnapping and first-degree premeditated murder plainly qualify as predicate "crime[s] of violence" under § 924(c)'s "force clause," §924(c)(3)(A). Thus, *Davis*, which only addressed the residual clause (§ 924(c)(3)(B)), not the force clause (§ 924(c)(3)(A)), has no impact.

Nor can Higgs show a miscarriage of justice where his 45-year aggregated firearm sentences were ordered to run consecutive to his "nine death sentences . . . one for each murder and kidnapping count." *United States v. Higgs*, 353 F.3d 281, 289 (4th Cir. 2003).

## DISCUSSION[2]

For the reason previously expressed in the Respondent's initial response, Higgs's claims are procedurally barred under the gatekeeping

---

[2] The Seventh Circuit "has not decided which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit." *Cano v. Warden, USP-Terre Haute*, 2:17-cv-00441-JMS-MJD, 2018 WL 3389746 (S.D. Ind. Jul. 12, 2018). Nevertheless, this district has applied the law of the circuit of conviction in reviewing a sentence or conviction under § 2241, in part to avoid inconsistent results with motions under § 2255, which apply the law of the circuit where the petitioner was convicted. *Id. See also Salazar v. Sherrod*, No. 09–cv–619–DRH–DGW, 2012WL 3779075 at *3 (S.D. Ill. Aug. 31, 2012) (unpublished) (citing cases); *Hernandez v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D. Ill. 2001). As such, the Respondent's analysis as to substantive claims will be based predominately on Fourth Circuit law.

provision of 28 U.S.C. § 2244(a).  (Dkt. 16.)   Higgs cannot show that 28

U.S.C. § 2255 is "inadequate or ineffective to test the legality of his

detention."  *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016); 28 U.S.C.

§2255(e).  Thus, his petition should be dismissed for lack of jurisdiction.

*United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Spencer v. United*

*States*, No. 16-CV-182-DRH, 2016 WL 1086933, at *3 (S.D. Ill. Mar. 21, 2016);

*Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

As to his *Johnson* claim, the Supreme Court's recent decision in *Davis*

has no measurable impact. Higgs cannot show that he is actually innocent of

his firearm charges.

## I.      Higgs Fails to Show that § 2255 Is Inadequate or Ineffective—In fact, He Raises a Constitutional Claim, Which is Contemplated by § 2255

Higgs fails to meet his burden to establish that his remedy under

§ 2255 is inadequate or ineffective.

In his reply, Higgs argues that he meets the exceptions discussed in *In*

*re Davenport*, 147 F.3d 605 (7th Cir. 1998).  (Dkt. 29, p. 2-3.)  He claims that

he (1) relies on "not a constitutional case, but a statutory-interpretation case,

so [that he] could not have invoked it by means of a second or successive

section 2255 motion," (2) that the new rule applies retroactively to cases on

collateral review and could not have been invoked in his earlier proceeding,

and (3) that the error is "grave enough ... to be deemed a miscarriage of

justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016). (Dkt. 29, p. 2-3.)

Higgs is wrong. While Higgs meets the second exception—*Johnson* is retroactive, *Welch v. United States*, 136 S. Ct. 1257 (2016)—he cannot meet the first and third exceptions.

### A. First Exception: *Johnson* and *Davis* are Constitutional Cases, Not Cases of Statutory Interpretation

Higgs cannot meet the first exception. Higgs's arguments rely on *Johnson* and now *Davis*—both decisions involve an issue of constitutional law rather than statutory interpretation. Higgs's claim is therefore barred by *Davenport*.

*Johnson* is a constitutional case. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. *Johnson* announced a new rule of constitutional law, not a rule of statutory construction. *See Price v. United States*, 795 F.3d 731, 733-34 (7th Cir. 2015) ("*Johnson* rests on the notice requirement of the Due Process Clause of the Fifth Amendment, and thus the new rule that it announces is one of constitutional law."); *King v. Werlich*, No. 16-cv-300-DRH-CJP, 2016 WL 1583936 at * 2 (S.D. Ill. Apr. 20, 2016) ("*Johnson* cannot

6

be the basis for a § 2241 petition"). So Higgs's *Johnson* claim *must* be raised in a § 2255 petition.

The same is true for *Davis*. *Davis* simply extended *Johnson's* holding to § 924(c)(3). *See Davis*, 139 S. Ct. at 2325–27. The Court's holding could not have been clearer that it was announcing a constitutional ruling: "We agree with the court of appeals' conclusion that § 924(c)(3)(B) is *unconstitutionally* vague." *Id.* at 2336 (emphasis supplied). Thus, *Davis* likewise involves an issue of constitutional law.

Higgs does nothing to rebut this obvious conclusion. He says that, "after his [§ 924(c)] conviction[s] became final, the Supreme Court issued a retroactively applicable decision interpreting the federal criminal statute under which [he] was convicted in such a manner that the conduct underlying the conviction is no longer criminal." *Hendrickson v. Kizziah*, No. 6:18-cv-316-GFVT, 2019 WL 2271123 at \*4 (E.D. Ky. June 12, 2019). But that is precisely the type of claim for which § 2255(h)(2) provides. Higgs's claim here is not one for § 2241.

That is true despite the Fourth Circuit's previous denial of a second motion under § 2255(h)(2). As noted in the government's initial response, Higgs relied upon § 2255(h)(2) and sought permission from the Fourth Circuit to raise his *Johnson*-type claim in a successive § 2255 motion in his district of conviction. (Dkt. 16, p. 6.) The Fourth Circuit denied the motion. (*Id.*) That,

7

does not render § 2255 inadequate or ineffective.  *Garza v. Lappin*, 253 F.3d 918, 922 (7th Cir. 2001) ("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing.").

Importantly, Higgs's application for a second § 2255 predated *Davis*. Thus, the government objected to that application, in part, "because it is 'clear as a matter of law,' from both *Johnson's* holding and its express disavowal of an intent to cast doubt on the constitutionality of other statutes, that Higgs's 'identified constitutional rule'—i.e., *Johnson's* rule invalidating the ACCA's residual clause—'does not apply' to his situation because [Higgs] is not challenging an ACCA-enhanced sentence."  Citing *In re Garner*, 612 F.3d 533, 536 (6th Cir. 2010), the government concluded that the circuit court was "confined to a consideration of constitutional law as it presently stands"; and because [Higgs's] claim depended on a novel "extension of the law," Higgs, by definition, had not made a *prima facie* showing [under 28 U.S.C. § 2244(b)(3)(C)]."  Government's Opposition to Defendant's Application to File Successive § 2255 Motion at 12, *In Re Higgs*, No. 16-0008 (4th Cir. Jun. 3, 2016).

In doing so, the government noted the existence of the then-circuit

8

court conflict and suggested there was a "reasonable probability that the Supreme Court" in the future would issue an opinion as to whether *Johnson's* holding extends to 18 U.S.C. § 924(c). *Id.* at 13. Thus, the government proposed that the Fourth Circuit, deny Higgs's application *without prejudice* so that Higgs could "file a new application" if and when the Supreme Court issued a decision extending *Johnson* to § 924(c). *Id.* (And indeed, in *Davis*, the Supreme Court extended *Johnson's* holding to §924(c).)

The Fourth Circuit followed the government's suggestion in part. It "denied" Higgs's application but not "without prejudice." *Order* at 2, *In re Higgs*, No. 16-0008 (4th Cir. Jun 27, 2016). Higgs is now armed with *Davis,* however, shifting this paradigm.

But, as of the date of this filing, Higgs has not sought permission to file a successive § 2255 motion based on *Davis*. Until he attempts to do that—which, after all, § 2255(h)(2) contemplates for constitutional cases such as this—Higgs fails to meet his burden of showing that § 2255 is inadequate or ineffective to test the legality of his detention. *Collins v. Bezy*, No. 1:06-cv-00006- SEB-VSS, 2006 WL 418653 at *1 (S.D. Ind. Feb. 17, 2006) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) and *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)); *see also Barnett v. Quintana,* No. 5:18-cv-00279, 2018 WL 7078579, at *17 (S.D. W. Va. Dec. 18, 2019) (citing *Hood v. United States,* 13 F. App'x 72 (4th Cir. 2001)).

9

Higgs cannot meet the first *Davenport* exception—in large part because § 2255(h)(2) permits an avenue for his claim in his district of conviction.

**B.      Third Exception: Higgs is Not Actually Innocent of His § 924(c) Convictions and He Cannot Show a Miscarriage of Justice**

Even if this was not a constitutional case, Higgs cannot meet the third exception.  He cannot show a miscarriage of justice — that he is actually innocent of carrying or using a firearm during and in relation to a crime of violence.  § 924(c).

To establish actual innocence relating to the gun convictions, Higgs "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citations and quotation marks omitted).  Actual innocence "means factual innocence, not mere legal insufficiency . . . In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make." *Id.* at 624.

As an initial matter, even if Higgs's three firearm convictions were found to be invalid, he cannot show a miscarriage of justice by the 45-year aggregated gun sentence where he was sentenced to nine death sentences— one for each murder and kidnapping count. *Higgs*, 353 F.3d at 289.  His firearm convictions have no impact on his murder and kidnapping convictions or their related sentences, and certainly do not lengthen Higgs's term of

imprisonment.

Regardless, as noted in the government's opposition to Higgs's application to file a successive § 2255 motion, its initial response, and in this supplemental response, Higgs's murder offenses qualify as crimes of violence under the "force clause" (also known as the "elements clause") of § 924(c)(3)(A).  *See* Government's Opposition to Defendant's Application to File Successive § 2255 Motion at 16, *In Re Higgs*, No. 16-0008 (4th Cir. Jun. 3, 2016); (Dkt. 16).  Thus, even without reliance on the now invalid residual clause, § 924(c)(3)(B), a reasonable juror would find Higgs guilty of using a firearm during and in relation to a crime of violence.

That said, it does appear Higgs was charged with use of a firearm during and in relation to the murder *and* kidnapping.  *See Higgs*, 353 F.3d at 333.  *Higgs*, 353 F.3d at 314 ("In order to establish a violation of 18 U.S.C.A. § 924(c), the government was required to prove that Higgs (1) "used or carried a firearm," and (2) that he "did so during and in relation to" the murders.").  As discussed below, murder clearly qualifies under § 924(c), but kidnapping does not.  But the conjunctive charge is irrelevant here (and harmless).  Murder unquestionably qualifies as a crime of violence, so Higgs cannot show a miscarriage of justice.

11

### 1. Murder Qualifies as a Crime of Violence under the Force Clause, 18 U.S.C. § 924(c)(3)(A)

It goes without saying: murder is "a quintessential crime of violence." *In re Irby*, 858 F.3d 231, 237 (4th Cir. 2017).  Higgs's claim otherwise runs counter to case law and common sense.

Higgs was convicted of killing Tanji Jackson, Tamika Black, and Mishann Chinnin violation of 18 U.S.C. § 1111 which provides:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C.A. § 1111(a).

Killing someone with a firearm, clearly involves "the use or attempted use of physical force, against the person of another."  18 U.S.C. § 924(c)(3)(A); *see also United States v. Castleman*, 572 U.S. 157, 170 (2014) (it "does not matter" that "the harm occurs indirectly, rather than directly (as with a kick or punch)," noting that, under the defendant's reasoning, "one could say that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not

12

the trigger, that actually strikes the victim."); *United States v. Mathis*, No. 3:14CR00016, 2016 WL 8285758 (W.D. Va. Jan. 25, 2016) (the court has no difficulty concluding that murder, even if by poison or starvation, requires the use of physical force against the victim such that it qualifies as a crime of violence under § 924(c)(3)(A)); *United States v. Checora*, 155 F.Supp.3d 1192 (D. Utah 2015) (finding it "impossible to cause death without applying physical force as explained in *Castleman*").

At to be sure, other courts since *Johnson* have held that murder under 18 U.S.C. § 1111, qualifies as a "crime of violence" under the "force" clause, § 924(c)(3)(A). *See e.g., Thompson v. United States*, 924 F.3d 1151, 1158-59 (11th Cir. 2019) (second-degree murder offenses under 18 U.S.C. § 1111 qualify as crimes of violence under § 924(c)(3)(A)); *United States v. Russell*, No. 05-CR-401, 2018 WL 3213274, at *3 (E.D.N.Y. June 29, 2018) (notwithstanding *Johnson* and *Dimaya*, murder in aid of racketeering "qualifies as a 'crime of violence' under the elements clause of § 924(c)(3), not its residual clause"); *Percy v. United States*, No. CV-16- 02066-PHX-DGC, 2017 WL 2838469, at *4 (D. Ariz. July 3, 2017) (second degree murder under § 1111 is a crime of violence for purposes of § 924(c)); *United States v. Heard*, No. 13-cr-00764-WHO-7, 2016 WL 9088834, at *2-3 (N.D. Calif. Jan. 29, 2016) (section 1111(a) murder is a crime of violence under the force clause). *United States v. Lobo-Lopez*, 206 F.Supp.3d 1084, 1096 (E.D. Va. 2016)

13

("[C]ontrary to defendant's contention, felony murder, as defined by § 1111, constitutes a crime of violence pursuant to the force clause of § 924(c)."); *United States v. Moreno-Aguilar*, 198 F.Supp.3d 548, 554 (D. Md. 2016) (finding that section 1111 "necessarily involve[s] use of physical force against another and thus [is a crime] of violence under the force clause of § 924(c)").

Murder is a crimes of violence under the applicable force clause. § 924(c)(3)(A). Thus, because Higgs's § 924 counts were supported by one crime of violence, he cannot show a miscarriage of justice.

### 2. Thus, It Is Irrelevant that Kidnapping Is Not a Crime of Violence under the Force Clause

Kidnapping, however, is not a crime of violence under either circuit's law.

The Fourth Circuit, pre-*Johnson*, had held that kidnapping qualified under the elements clause. *See* (Dkt. 16, p. 14-17.) That is no longer true. Today, citing *Davis*, the Fourth Circuit determined that "both requirements of 18 U.S.C. § 1201(a) may be committed without violence" and that "kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)." *United States v. Walker*, No. 15-4301, slip op. at 7 (4th Cir. Aug. 9, 2019).

This new Fourth Circuit precedent is yet another reason that Higgs should bring his claim in the Fourth Circuit. Higgs is now armed with *Davis*

14

and *Walker*, which he was not when he first moved for a second motion under § 2255(h)(2).

Moreover, *Walker* alleviates a potential concern. Higgs is no longer faced with a scenario where his district of confinement has better law regarding kidnapping than his district of conviction. So any residual unfairness of that dichotomy has been alleviated.

*   *   *

Higgs's *Johnson* and *Davis* claims, which are constitutional in nature, are procedurally barred. Further, he cannot show that § 2255 is inadequate or ineffective where he has not sought permission from the Fourth Circuit to raise his *Johnson* claim following the *Davis* decision. Higgs has an avenue to raise his claim, he just chose wrongly here.

Nor can Higgs show a miscarriage of justice. His firearm convictions remain valid where murder qualifies as a crime of violence under the force clause. § 924(c)(3)(A).

Finally, *Johnson* and *Davis* have no measurable impact on Higgs's sentences. Without the 45-year aggregated consecutive firearm sentence, Higgs still has nine valid death sentences.

This Court should dismiss Higgs's petition.

15

## CONCLUSION

For the reasons stated in Respondent's Return to Order to Show Cause, and for the reason stated herein, the Respondent respectfully urges the Court to dismiss Higgs's petition for a writ of habeas corpus.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Brian Reitz

Brian Reitz,
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048

## CERTIFICATE OF SERVICE

I certify that on April 9, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all ECF-registered counsel of record *via* email generated by the Court's ECF system.

By:   s/ Brian Reitz
      Brian Reitz
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-6125
      E-mail: Brian.Reitz@usdoj.gov