**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4301**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DONALD EUGENE WALKER,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00271-WO-1)

---

Argued:  September 23, 2016                    Decided:  August 9, 2019

---

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

---

Vacated and remanded by published opinion.  Judge Motz wrote the opinion, in which Judge Niemeyer and Judge Wynn joined.

---

**ARGUED**: John Scott Coalter, COALTER LAW, P.L.L.C., Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF**: Ripley Rand, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

DIANA GRIBBON MOTZ, Circuit Judge:

Donald Eugene Walker pled guilty to kidnapping in violation of 18 U.S.C. § 1201(a) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Walker to 324 months on the kidnapping charge, followed by 84 months for brandishing a firearm "during and in relation to a crime of violence." On appeal, Walker principally challenges his § 924(c) conviction.[1] For the reasons set forth within, we vacate Walker's § 924(c) conviction and remand to the district court with instructions to resentence him.

I.

Under 18 U.S.C. § 924(c), a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be separately convicted of *both* the underlying crime of violence *and* the use, carrying, or possession of that firearm. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

---

[1] Walker also contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. A defendant has "no absolute right to withdraw a guilty plea," and the district court has discretion to determine whether there exists "a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *see* Fed. R. Crim. P. 11(d)(2)(B). Because the "most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," a properly conducted Rule 11 plea colloquy raises "a strong presumption that the plea is final and binding." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) (citation omitted). Here, the district court's plea colloquy fully complied with Rule 11. We therefore conclude that the district court did not abuse its discretion in denying Walker's motion.

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the (now-invalid) "residual clause."

## II.

On appeal, Walker contends that his § 924(c)(3)(B) conviction is contrary to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated on vagueness grounds a similar residual clause in 18 U.S.C. § 924(e)(2)(B). After briefing and oral argument before us, the Supreme Court granted certiorari to resolve the question of whether the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague. *Lynch v. Dimaya*, 137 S. Ct. 31 (2016). Because the language in § 16(b) is identical to the language in the residual clause before us, 18 U.S.C. § 924(c)(3)(B), we placed this case in abeyance, awaiting resolution of *Dimaya*. On April 17, 2018, the Court issued its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and invalidated § 16(b) on vagueness grounds.

The Government contended, however, that the identical language in § 924(c)(3)(B) required a different result and so we placed this case in abeyance again pending resolution of that issue. In *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), we held § 924(c)(3)(B) unconstitutionally vague. A few months later, the Supreme Court similarly held § 924(c)(3)(B) unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019).

III.

With this background in mind, we now consider Walker's challenge to his § 924(c) conviction.  Because Walker raises this claim for the first time on appeal, we review only for plain error.  To prevail, Walker must show (1) "an error" that (2) was "clear or obvious," (3) affects "substantial rights," and (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in *Marcus*) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (internal quotation marks omitted).

A.

1.

We turn first to § 924(c)(3)(B), the residual clause.  In determining whether the district court committed a plain error in finding Walker guilty under that clause, we consider only whether, "at the time of appellate consideration," "the settled law of the Supreme Court or this circuit establishes that an error has occurred."  *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks and citations omitted); *see also Henderson v. United States*, 568 U.S. 266, 279 (2013) (holding "whether a legal question was settled or unsettled at the time of trial, it is enough that an error be plain at the time of appellate consideration" (internal quotation marks omitted)).  Given that this court in *Simms* and the Supreme Court in *Davis* have now expressly held that § 924(c)(3)(B) is unconstitutionally vague, we must conclude that the district court committed plain error in finding that Walker violated that section.

4

2.

Accordingly, we turn to the force clause, § 924(c)(3)(A).  To determine whether an offense is a crime of violence under § 924(c)'s force clause, we "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 914 F.3d at 233.  We use the categorical approach, looking only at the elements of the crime and not at the particular facts in the case.  *Id.*  "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *Id.*

Kidnapping in violation of 18 U.S.C. § 1201(a) has two requirements relevant to determining whether it is a crime of violence under the force clause:  (1) the defendant "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away" a person, and (2) the defendant "holds" this person.  As the Government concedes, the requirement that a defendant unlawfully seize, confine, inveigle, kidnap, abduct, or carry away a person can be accomplished without the use of force — through inveiglement.  Appellee Br. at 13–14; *see United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); *Black's Law Dictionary* (10th ed. 2014) (defining "inveigle" as "[t]o lure or entice through deceit or insincerity").[2]  In fact,

---

[2] Kidnapping in violation of § 1201(a) therefore differs from crimes that a defendant may commit using "force and violence or by intimidation." *See, e.g.*, 18 U.S.C. § 2119. That is so because we have defined "intimidation" as requiring "a threat of *bodily harm* (Continued)

5

subsequent to briefing and argument in this case, the Government has conceded elsewhere that kidnapping does not qualify as a crime of violence under the force clause. *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (noting "[t]he government admits that kidnapping" under § 1201(a) "cannot" qualify as a crime of violence under the force clause).

Here, however, the Government argues that even though physical force or the threat of physical force is unnecessary to accomplish the first element of the crime of kidnapping, it is necessary to accomplish the second "holding" element. We disagree. In *Chatwin v. United States*, 326 U.S. 455 (1946), the Supreme Court explained that "[t]he act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or *mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Id.* at 460 (emphasis added). The Court reversed the kidnapping conviction in that case because there was "no proof that [the defendant] or any of the other petitioners willfully intended through force, fear or *deception* to confine the girl against her desires." *Id.* (emphasis added).

In *United States v. Hughes*, 716 F.2d 234 (4th Cir. 1983), we held that the seizure and detention elements of *Chatwin* were met where the defendant induced the victim by misrepresentation to enter his vehicle, because by "knowing that the victim's belief as to

---

from the defendant's acts." *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (emphasis added) (citation and internal quotation marks omitted) (holding carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under § 924(c)'s force clause); *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) (same, for armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d)).

6

their purpose and destination is different from his actual illicit purpose, the kidnapper has interfered with, and exercised control over, her actions." *Id.* at 239. There was no evidence in *Hughes* that the defendant used or threatened the victim with force or bodily harm. Furthermore, we have repeatedly upheld jury instructions for § 1201(a) providing that "[t]o hold means to detain, seize, or confine a person in *some manner* against that person's will." *See, e.g.*, *United States v. Wills*, 346 F.3d 476, 493 (4th Cir. 2003) (emphasis added).

Accordingly, because both requirements of 18 U.S.C. § 1201(a) may be committed without violence, kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A).[3] The district court thus also clearly erred in holding Walker violated § 924(c)(3)(A). *See Marcus*, 560 U.S. at 262; *Carthorne*, 726 F.3d at 516.

## B.

Having held that the district court erred in finding Walker guilty of violating § 924(c), and that the error was clear at the time of appellate review, we consider the remaining two plain error factors. In doing so, we can only conclude that the error affected Walker's "substantial rights as well as the fairness, integrity, and public reputation of judicial proceedings" because Walker "cannot be guilty of violating § 924(c), and yet he received an additional [84 months'] imprisonment for this offense." *United States v.*

---

[3] The only other court of appeals to consider this issue has agreed. But because that court also held the residual clause of § 924(c) unconstitutionally vague, the Supreme Court vacated the judgment and remanded for further consideration following *Dimaya*. *See United States v. Jenkins*, 849 F.3d 390, 393–94 (7th Cir.), *cert. denied*, 137 S. Ct. 2280 (2017), *and cert. granted, judgment vacated*, 138 S. Ct. 1980 (2018).

*Fuertes*, 805 F.3d 485, 501 (4th Cir. 2015). Accordingly, we vacate Walker's § 924(c)

conviction and remand for entry of judgment of acquittal on that count and resentencing.


IV.

For the foregoing reasons, Walker's conviction under § 924(c) is vacated and the

case is remanded for further proceedings consistent with this opinion.

*VACATED AND REMANDED*