**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00321-JMS-MJD |
| | ) | |
| CHARLES DANIELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S MOTION**
**TO HOLD PROCEEDINGS IN SUSPENSE**

Petitioner Dustin Higgs, through counsel, respectfully requests that the Court hold proceedings on this petition in suspense while Mr. Higgs seeks a remedy in another forum for the constitutional violations alleged in the petition. In support thereof, Mr. Higgs states the following:

1.      On March 21, 2019, this Court stayed proceedings pending the United States Supreme Court's decision in *United States v. Davis*, No. 18-431. [Filing No. 30].

2.      On June 24, 2019, the United States Supreme Court entered its decision in *Davis*, ruling inter alia that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutional. *United States v. Davis*, 139 S. Ct. 2319 (2019).

3.      On June 26, 2019, this Court lifted its stay of proceedings and ordered Respondent to file a supplemental brief by August 9, 2019, and Petitioner to file a responsive supplemental brief by September 6, 2019. [Filing No. 31].

4.      On August 9, 2019, the Government filed its supplemental brief, designated as a supplemental return to order to show cause. [Filing No. 33]. The Government acknowledges the significance of *Davis*, but raises new arguments that Petitioner is not entitled to relief under 28 U.S.C. § 2241.

5.      One of the Government's primary arguments is that, following *Davis*, Mr. Higgs has or may have a remedy under 28 U.S.C. § 2255, by requesting that the Fourth Circuit permit him to file a successive § 2255 motion in the District of Maryland. It is unclear whether such a remedy will be effective, or that there is any requirement for Petitioner to make multiple such requests before pursuing relief under § 2241. Despite that lack of clarity, Mr. Higgs has decided to attempt to pursue such a remedy.

6.      Given that Mr. Higgs will pursue a remedy under § 2255, he requests that this Court hold the proceedings here in suspense until the completion of the § 2255 proceedings.

7.      Counsel for Petitioner has attempted to contact counsel for Respondent, Assistant United States Attorney Brian Reitz, but has not received a response yet regarding Respondent's position as to this request.

WHEREFORE, Petitioner, through counsel, respectfully requests that this Court grant his motion to hold the proceedings in suspense. A proposed Order is attached.

Respectfully submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Dated: September 30, 2019

**CERTIFICATE OF SERVICE**

I, Matthew Lawry, hereby certify that on this 30th day of September 2019, I

filed the foregoing motion using the Court's CM/ECF program, with electronic

service provided to the following individual:

Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Email: Brian.Reitz@usdoj.gov

/s/ Matthew C. Lawry
Matthew C. Lawry