IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SOUTHERN DIVISION


UNITED STATES OF AMERICA

    VS.                    CRIMINAL NO. PJM-98-0520

DUSTIN JOHN HIGGS

           DEFENDANT

                    Greenbelt, Maryland

                    October 10, 2000


The above-entitled case came on for trial before the Honorable Peter J. Messitte, United States District Judge

VOLUME XVIII


A P P E A R A N C E S

For the Government:

    Deborah A. Johnston, Esquire
    Sandra Wilkinson, Esquire
    Joseph Uberman, Esquire


For Defendant Higgs:

    Harry J. Trainor, Jr., Esquire
    Timothy J. Sullivan, Esquire


Gail A. Simpkins, RPR
Official Court Reporter

Now the defendant is charged with using or carrying a firearm during the commission of crimes of violence.  If upon all the evidence you find the government has failed to prove crimes of violence beyond a reasonable doubt, you proceed no further.  The handgun offenses are only to be considered by you if you first find the defendant guilty of a crime of violence.

In reaching your verdict on the handgun charges, you may consider the evidence of the crimes of violence only for the purpose of determining whether the elements of a handgun offense have been satisfied.  Here is what they are.  This is what the government has to prove beyond a reasonable doubt regarding the handgun offense.

First, defendant counseled, commanded, induced, procured, willfully caused or aided and abetted another to commit a crime of violence for which he might be prosecuted in a court of the United States and second, that the defendant knowingly used or carried a firearm during and in relation to the commission of the crimes charged.

The first element the government has to prove beyond a reasonable doubt is, again, the defendant committed or counseled, commanded, induced, procured or

willfully caused or aided and abetted another to commit a crime of violence for which he might be prosecuted in a court of the United States.

The defendant is charged in the indictment with the crime of murder. He is also charged in the indictment with the crime of kidnapping. I instruct you that each of these crimes are crimes of violence. However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed or counseled, commanded, induced, procured, willfully caused or aided and abetted another to commit the crimes of violence charged.

The second element that has to be considered in connection with the handgun offense and which the government would have to prove beyond a reasonable doubt is that the defendant knowingly used or carried the firearm during and in relation to the commission of the murder and kidnapping charges.

A firearm is any weapon which will or is designed or may be readily converted to expel a projectile by means of an explosive. In order to prove that the defendant used or counseled, commanded, induced, procured, willfully caused or aided and abetted another to use a firearm, the government must proved beyond a